```
                                FILED
                           06 SEP 19 PM 2:33
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA WASHINGTON, individually and as Successor in Interest to the Estate of Marshawn Washington, MARSHAWN WASHINGTON, JR., an individual and minor, by and through his guardian ad litem Theresa Cole,<br><br>Plaintiffs,<br>vs.<br><br>COUNTY OF SAN DIEGO, a municipal corporation, PETER ASTUTO, an individual, K. CARSON, an individual, LUIS CARRILLO, an individual, JUAN CORIA, an individual, GARY ROGERS, an individual, JOHN RUSSELL, an individual, ALLEN GRIFFIN, an individual, JAMES KELLEY, an individual, PABLITA CORRALES, an individual, MYRNA PASILLAS (sic), an individual, JOSEPHINE JANSSEN, an individual, BLESIDA (sic) MAAGHOP, an individual, CLARISA (sic) CAGAWA (sic), an individual, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 02CV0143-LAB (JMA)<br><br>**ORDER ON MOTIONS IN LIMINE AND PRETRIAL MATTERS** |

Plaintiffs brought five motions in limine in this case; the County of San Diego ("County"), two; the Nursing Defendants, three; and the Deputy Defendants, four. The Nursing Defendants also joined in both the County's motions, and in two of the Deputy Defendants' motions.

1  At a hearing held on September 15, 2006, the Court heard argument and ruled on the motions.
2  For reasons discussed at the hearing, the Court rules as follows:
3  Plaintiffs' motion exclude decedent Marshawn Washington's criminal history except for the
4  charge for which he was incarcerated at the time of his death is **GRANTED IN PART** and **DENIED**
5  **IN PART**. Defendants may introduce evidence showing the time the decedent Marshawn Washington
6  ("Mr. Washington") was incarcerated, and, where applicable, that he was incarcerated for a felony.
7  They may not, however, identify the felonies or introduce evidence of the crimes he was convicted of,
8  or other particulars of his criminal record. Should Plaintiffs testify that Mr. Washington was a good
9  husband and father or their relationship was close, Defendants may question them about the effect of
10 Mr. Washington's incarceration on their relationship and on his ability to be a good husband and
11 father.
12 In light of Federal Rule of Evidence 404, Defendants should take special care not to present
13 evidence or argue that because Mr. Washington was incarcerated in the past, he was likely to be
14 incarcerated in the future; or that because Mr. Washington committed crimes, wrongs, or other acts
15 in the past, he was likely to do so on later occasions.
16 Plaintiffs' motion to exclude evidence related to welfare received by Bertha and/or Marshawn
17 Washington, Jr. is **GRANTED IN PART** and **DENIED IN PART**. Defendants may not submit
18 evidence that Plaintiffs were receiving public assistance. If Plaintiffs testify about their relationship
19 with Mr. Washington, Defendants may question them during cross-examination about public
20 assistance received or about statements they made to officials. However, Defendants are to use the
21 term "public assistance" exclusively, and not "welfare."
22 Plaintiffs' motion to exclude the subject of the photographs taken from Mr. Washington's cell
23 is **GRANTED IN PART** and **DENIED IN PART**. Defendants may introduce evidence showing that
24 Mr. Washington possessed "contraband photographs." They may refer to the photographs as
25 contraband, but may not refer to them or introduce evidence referring to them as nude photographs.
26 Defendants may not refer to or introduce evidence referring to the nature of what the photographs
27 depicted. Defendants may, however, introduce evidence or argument that the photographs were not
28 family photographs. Plaintiffs may not argue that the Deputy Defendants were not permitted to

1  confiscate the photographs.

2  Plaintiffs' motion to exclude evidence of domestic violence between Bertha Washington and Mr. Washington is **GRANTED IN PART** and **DENIED IN PART**. If Plaintiffs testify that their relationship with Mr. Washington was good, Defendants may inquire on cross-examination regarding domestic violence in the relationship between Bertha Washington and her husband. Defendants are to offer no extrinsic evidence of domestic violence without prior leave of the Court.

Plaintiffs' motion to exclude references to the Chan study regarding restraint asphyxiation is **DENIED**.

The County's motion to exclude evidence of economic damages is unopposed by Plaintiffs, and is **GRANTED**.

The County's motion to exclude the Citizens Law Enforcement Review ("CLERB") report is unopposed by Plaintiffs and is **GRANTED**.

The Nursing Defendants' motion to limit expert testimony of Sandra Slosberg, R.N. is **DENIED AS MOOT**. Plaintiffs have represented to the Court that they do not intend to call this witness. At the hearing, Nursing Defendants argued that this motion was applicable to the expert testimony of Corey Weinstein, M.D. The motion is **DENIED** as to Dr. Weinstein's testimony.

The Nursing Defendants' motion exclude or limit expert testimony of Sandra Slosberg, R.N. and Corey Weinstein M.D. regarding NCCHC standards is **DENIED AS MOOT** with regard to the testimony of Sandra Slosberg and **DENIED** with regard to the testimony of Dr. Weinstein.

The Nursing Defendants' motion to exclude evidence of subsequent remedial measures is **GRANTED**.

The Deputy Defendants' motion to exclude opinion evidence regarding "restraint asphyxia" as the cause of death will be decided following the hearing described at the end of this order.

The Court reserves judgment on the Deputy Defendants' motion to exclude testimony by Dr. Corey Weinstein.

Deputy Defendants' motion to exclude statements given by inmates in interviews is **GRANTED**.

///

Deputy Defendant's motion to exclude evidence of potential for disciplinary action taken against them is **GRANTED**.  Plaintiffs' expert witnesses may, however, offer opinions regarding whether the Deputy Defendants used improper procedures or whether their actions were inconsistent with regulations.

So that the Court may resolve certain matters relating to expert evidence and testimony as described in *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579 (1993), the Court will hold a hearing following jury selection, outside the jury's presence.  As discussed at the hearing held on September 15, 2006, the parties are directed to have their witnesses and evidence prepared.

**IT IS SO ORDERED.**

DATED:  9-18-06

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc:   Magistrate Judge Jan M. Adler
      All Counsel of Record